## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J.D. TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-3263-CM |
| ) | |
| ) | |
| STEPHEN SIX, ) | |
| Attorney General of the ) | |
| State of Kansas, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the court on petitioner J.D. Turner's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody (Doc. 1). Petitioner seeks relief from this court, arguing that the state court erred in denying his motion to withdraw his plea of guilty because he did not knowingly, voluntarily, and intelligently enter into his plea. Respondent filed an Answer and Return (Doc. 6). For the reasons set forth below, this court denies the petition.

**I.    Procedural History**

Petitioner entered a plea of no contest on December 22, 2005, to one count of Possession With Intent to Sell in violation of K.S.A. § 65-4161. At the sentencing hearing held on January 27, 2006, based on comments made by petitioner and petitioner's attorney, the court ordered a competency evaluation at a local facility, Bert Nash. Upon completion of the evaluation, the court reviewed the report and ordered a more extensive evaluation to be conducted in the state's facility at Larned, based on inconclusive results regarding petitioner's competency. After a delay in conducting the evaluation, petitioner's attorney moved for the court to conduct a competency

hearing. The court conducted a competency hearing and ordered a second evaluation at Bert Nash. Based on the findings in the second evaluation report, the court conducted another competency hearing and found petitioner competent to proceed. Petitioner moved at the sentencing hearing on August 17, 2006 to withdraw his plea of no contest. The court denied his motion and sentenced him to 40 months imprisonment on the possession charge.

The Kansas Court of Appeals affirmed the district court's ruling on the motion to withdraw petitioner's plea, and the Supreme Court of Kansas denied review. Petitioner now seeks relief from this court. There is no dispute that petitioner has exhausted his state court remedies.

## II. Standard of Review

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry is whether the state court's application of the law was objectively unreasonable. *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75-6 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard). But the petitioner need not show that "all reasonable jurists" would disagree with the decision of the state court. *Williams*, 529 U.S. at 409-10.

This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court does not review a state court decision for errors of state law. *Id.* (citations omitted).

**III. Analysis**

"On habeas review, a federal court will 'uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and the defendant voluntarily chose to plead guilty.'" *Kyler v. Foshee*, 90 F. App'x 292, 299 (10th Cir. 2004) (citing *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996)). The Supreme Court has long held that courts are to determine the validity of a guilty plea based on "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

It is not the duty of this court to review state law; however, it is the duty of this court to determine whether the state court's ruling is contrary to clearly established federal law or is objectively unreasonable. *Taylor* at 409, 413. The Kansas Court of Appeals evaluated the evidence in the record and evaluated it under state law, K.S.A. § 22-3210(d). *State v. J.D. Turner*, No.

97,768, 2008 WL 360683 at *3 (Kan. Ct. App. May 28, 2008). The court found that petitioner had not met his burden under *State v. Sanchez-Cazares*, 276 Kan. 451, 454 (Kan. 2003), reviewing the district court's findings pursuant to whether "'(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.'" *Turner* at *3. In its opinion, the court supported its ruling with a review of the plea colloquy between the district court and petitioner, addressing whether petitioner was knowingly and intentionally entering into the plea at that time. *Id.* at *1.

After a thorough review of the written opinion and the transcripts from the court proceedings, there is no evidence to suggest that the state court's ruling is contrary to clearly established federal law or is objectively unreasonable. *Taylor* at 409, 413. Rather, the state court decision is thorough and well-reasoned, and applied law that is consistent with federal law. Petitioner has not met his burden on this claim, and as such, petitioner's petition under § 2254 is denied.

### IV. Certificate of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's Petition Under 28 U.S.C. § 2254 For

Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is not issued in this case.

Dated this 30th day of November, 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**